UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MAURICE MCMILLAN, JR.,

                          Plaintiff,

                                                    DECISION AND ORDER

                                                    10-CV-6213L

             v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                          Defendant.
_____

        The plaintiff, Maurice McMillan, Jr. ("McMillan"), received Supplemental Security Income

Benefits as a child based on a disability. When McMillan became an adult, at age 18, his entitlement

to disability benefits was examined under standards established for determining disability in adults.

The Commissioner of Social Security ("Commissioner") reviewed McMillan's case and determined

that he was not disabled and therefore not entitled to benefits.

        Ultimately, McMillan requested a hearing before an Administrative Law Judge ("ALJ") and

after conducting a hearing on February 4, 2008, ALJ John P. Costello entered a decision on March

21, 2008 and determined that McMillan's disability ended on August 1, 2004, that he was not

disabled under the Act and, therefore, not entitled to benefits.  That decision became the final

decision of the Commissioner when the Appeals Council denied plaintiff's request for review of the

ALJ's decision.  This action pursuant to 42 U.S.C. § 405(g) followed.

        The Commissioner has moved for judgment on the pleadings.  McMillan, appearing *pro se,*

has not responded to the Commissioner's motion, although given an extension within which to do

so.

The issue before the Court is whether the decision of ALJ Costello, filed March 21, 2008 is supported by substantial evidence.  After reviewing ALJ Costello's thorough decision, the record in the case and the detailed brief filed by the Commissioner, I believe that the ALJ's decision is supported by substantial evidence and must be affirmed.

Plaintiff's case was analyzed as with every adult who claims a disability.  Plaintiff claims to suffer from Type 1 Diabetes. McMillan claims that he is entitled to Supplemental Security Income payments due to that disability.   Such benefits may not be paid unless plaintiff meets certain requirements.  The fact that McMillan was disabled as a child has no bearing on his status as an adult.  The statute, at 42 U.S.C. § 1382c(a)(3)(A), requires the claimant to establish that he is unable to engage in "any substantial gainful activity" by virtue of an impairment, which can be expected to last for a continuous period of not less than twelve (12) months.

In determining the issues presented, the Commissioner must follow the five-step sequential evaluation for adjudication of disability claims as set forth at 20 C.F.R. § 416.920.  I believe that the ALJ properly considered all those factors and properly determined that McMillan was not disabled at any time during the period in issue.

Many medical records and reports of examining physicians are contained in the file.  It is also not disputed that although McMillan has a history of diabetes, it is well-controlled.  The record establishes that McMillan attended both high school and a community college for one semester.  It is also clear from the record that McMillan has been employed in several different positions.  At the time of the ALJ's decision he had two part-time jobs, a part-time job working for Wegmans grocery store as a cashier, and a full-time position at a security company.   In addition, the evidence indicates that plaintiff was able to care for his own needs, helped around the house, was able to drive an automobile and regularly played basketball and other sports.

In this case, there was a vocational expert that identified jobs that plaintiff could perform. He was already, of course, engaged in the employment mentioned above, but he did have the residual functional capacity to perform work at the medium exertional level with modest restrictions.

Plaintiff's testimony that he could lift up to fifty (50) pounds, sit for one and one-half (1 ½) hours, walk for twenty (20) minutes and stand for an hour or two supports the residual functional capacity determination found by the ALJ.

I believe there is substantial evidence to support the ALJ's decision that McMillan did not have an impairment or combination of impairments that met or equaled one of the listed impairments and further that plaintiff had the residual functional capacity to perform work.  Although McMillan suffers from diabetes and does require close medical attention, the ALJ correctly determined that medical records and McMillan's activities of daily living do not establish eligibility for Supplemental Security Income Benefits.  McMillan has been involved in substantial gainful employment and other activity and is clearly able to function appropriately in those situations.

I also believe there is substantial evidence to support the ALJ's decision that based on McMillan's age, education and work experience, he had the residual functional capacity to perform a significant number of jobs, as identified by the vocational expert.

CONCLUSION

I find that the decision appealed from, the decision of Administrative Law Judge John P. Costello, entered on March 21, 2008, is supported by substantial evidence in the record.  The ALJ considered the case under proper legal standards and his factual findings are supported by the record evidence.

The decision of the ALJ and the Commissioner denying Supplemental Security Income Benefits is affirmed, the Commissioner's motion for summary judgment (Dkt. #10) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        May 20, 2011.